977 F.2d 586
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
UNITED STATES of America, Appellant,
v.
Donny Franklin LAFARLETTE, Appellee.
 No. 92-1146SI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 12, 1992.
Filed: October 15, 1992.
 
 Before MAGILL, Circuit Judge, HEANEY, Senior Circuit Judge, and LOKEN, Circuit Judge.
 PER CURIAM.
 
 
 1
 The government appeals following a district court order granting Donny Franklin LaFarlette credit against his sentence of incarceration for time spent in a privately-operated drug treatment center. We reverse and remand.
 
 
 2
 LaFarlette was sentenced on December 13, 1991, for unarmed bank robbery. At sentencing, LaFarlette moved the district court to allow him credit against his sentence of imprisonment for the time he spent on conditional release while an inpatient at Intersectional United Advanced Planning (IUAP), a privately-owned drug treatment center. The district court granted LaFarlette credit for the time he had been on conditional release while a resident of the drug treatment center. The government appeals.
 
 
 3
 Both parties conceded at oral argument that the district court does not have authority under 18 U.S.C. § 3585 to grant LaFarlette credit time at sentencing for time served. United States v. Wilson, 112 S. Ct. 1351, 1354 (1992) (filed March 24, 1992, five days before appellant's brief in the instant case was filed). In addition, the district court erred in holding that time spent in a privately-operated inpatient drug treatment center constitutes "official detention" for purposes of 18 U.S.C. § 3585(b). See Moreland v. United States, 968 F.2d 655 (8th Cir. 1992) (en banc) (filed June 30, 1992, after briefs in the instant case were filed).
 
 
 4
 Accordingly, we reverse and remand for proceedings consistent with this opinion.